UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------
SHIVA STEIN,                                    :
                                                :
            Plaintiff,                          :   CIV. NO. _____
                                                :
v.                                              :
                                                :   **COMPLAINT FOR VIOLATIONS OF**
EL PASO ELECTRIC COMPANY, PAUL M.               :   **SECTIONS 14(a) AND 20(a) OF THE**
BARBAS, JAMES W. CICCONI, EDWARD                :   **SECURITIES EXCHANGE ACT OF**
ESCUDERO, MARY E. KIPP, RAYMOND                 :   **1934**
PALACIOS, JR., ERIC B. SIEGEL, STEPHEN          :
N. WERTHEIMER, CHARLES A.                       :   **JURY TRIAL DEMANDED**
YAMARONE, INFRASTRUCTURE                        :
INVESTMENTS FUND, SUN JUPITER                   :
HOLDINGS LLC, SUN MERGER SUB INC.,              :
                                                :
            Defendants.                         :
---------------------------------------------------------

Shiva Stein ("Plaintiff"), by and through her attorneys, alleges the following upon

information and belief, including investigation of counsel and review of publicly-available

information, except as to those allegations pertaining to Plaintiff, which are alleged upon

personal knowledge:

1.      This is an action brought by Plaintiff against El Paso Electric Company ("El Paso

or the "Company"), the members El Paso board of directors (the "Board" or the "Individual

Defendants" and collectively with the Company, the "Defendants") for their violations of

Section 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C.

§§ 78n(a), 78t(a),  and SEC Rule 14a-9, 17 C.F.R. 240.14a-9 and 17 C.F.R. § 244.100, in

connection with the proposed acquisition of El Paso by Infrastructure Investments Fund and its

affiliates ("IIF").

2.     Defendants have violated the above-referenced Sections of the Exchange Act by causing a materially incomplete and misleading Proxy Statement on Schedule 14A (the "Proxy Statement") to be filed on July 16, 2019 with the United States Securities & Exchange Commission ("SEC") and disseminated to Company stockholders.   The Proxy Statement recommends that Company stockholders vote in favor of a proposed transaction whereby Sun Merger Sub Inc. ("Merger Sub"), a Texas corporation and wholly owned subsidiary of Sun Jupiter Holdings LLC ("Sun Jupiter"), a newly formed Delaware limited liability company and an affiliate of IIF, will merge with and into El Paso with El Paso surviving the merger as a wholly-owned subsidiary of Sun Jupiter, which will then become an affiliate of IIF (the "Proposed Transaction"). Pursuant to the terms of the definitive agreement and plan of merger the companies entered into (the "Merger Agreement") each El Paso common share issued and outstanding will be converted into the right to receive $68.25 in cash (the "Merger Consideration").

3.     Defendants have now asked El Paso stockholders to support the Proposed Transaction based upon the materially incomplete and misleading representations and information contained in the Proxy Statement, in violation of Sections 14(a) and 20(a) of the Exchange Act.  Specifically, the Proxy Statement contains materially incomplete and misleading information concerning the data and inputs underlying the financial valuation analyses that support the fairness opinion provided by Lazard. The failure to adequately disclose such material information constitutes a violation of Sections 14(a) and 20(a) of the Exchange Act as El Paso stockholders need such information in order to cast a fully-informed vote in connection with the Proposed Transaction.

4.      It is imperative that the material information that has been omitted from the Proxy Statement is disclosed to the Company's stockholders prior to the forthcoming stockholder vote so that they can properly exercise their corporate suffrage rights.

5.      For these reasons and as set forth in detail herein, Plaintiff seeks to enjoin Defendants from taking any steps to consummate the Proposed Transaction unless and until the material information discussed below is disclosed to El Paso stockholders or, in the event the Proposed Transaction is consummated, to recover damages resulting from the Defendants' violations of the Exchange Act.

## JURISDICTION AND VENUE

6.      This Court has subject matter jurisdiction pursuant to Section 27 of the Exchange Act (15 U.S.C. § 78aa) and 28 U.S.C. § 1331 (federal question jurisdiction) as Plaintiff alleges violations of Section 14(a) and 20(a) of the Exchange Act and SEC Rule 14a-9.

7.      Personal jurisdiction exists over each Defendant either because the Defendant IIF is headquartered in this District, or is an individual who is either present in this District for jurisdictional purposes or has sufficient minimum contacts with this District as to render the exercise of jurisdiction over defendant by this Court permissible under traditional notions of fair play and substantial justice.

8.      Venue is proper in this District under Section 27 of the Exchange Act, 15 U.S.C. § 78aa, as well as under 28 U.S.C. § 1391, because IIF is headquartered in this District.

## PARTIES

9.      Plaintiff is, and has been at all relevant times, the owner of El Paso common stock and has held such stock since prior to the wrongs complained of herein.

10.     Individual Defendant Paul M. Barbas has served as a member of the Board since 2017.

3

11.     Individual Defendant James W. Cicconi has served as a member of the Board since 1997.

12.     Individual Defendant Edward Escudero has served as a member of the Board since 2012.

13.     Individual Defendant Mary E. Kipp is the President and Chief Executive Officer of the Company and has served as a member of the Board since 2015.

14.     Individual Defendant Raymond Palacios, Jr. has served as a member of the Board since 2017.

15.     Individual Defendant Eric B. Siegel has served as a member of the Board since 1996.

16.     Individual Defendant Stephen N. Wertheimer has served as a member of the Board since 1996.

17.     Individual Defendant Charles A. Yamarone is the Chairman of the Board and has served as a member of the Board since 1996.

18.     Defendant El Paso is incorporated in Texas and maintains its principal offices at 100 N. Stanton Street, El Paso, Texas 79901.  The Company's common stock trades on the New York Stock Exchange under the symbol "EE."

19.     IIF is a private investment vehicle advised by a dedicated infrastructure investment group within J.P. Morgan Investment Management Inc.

20.     Sun Jupiter is a newly formed Delaware limited liability company and an affiliate of IIF, formed solely for the purpose of entering into the Merger Agreement, and completing the Merger.

21.     Merger Sub is an indirect wholly-owned subsidiary of Sun Jupiter, formed solely for the purposes of effectuating the Proposed Transaction.

22.     The defendants identified in paragraphs 10-17 are collectively referred to as the "Individual Defendants" or the "Board."

23.     The defendants identified in paragraphs 10-21 are collectively referred to as the "Defendants."

## SUBSTANTIVE ALLEGATIONS

**A.     The Proposed Transaction**

24.     El Paso Electric Company, incorporated on August 30, 1901, is a public utility company. As of December 31, 2016, the Company was engaged in the generation, transmission and distribution of electricity in an area of approximately 10,000 square miles in west Texas and southern New Mexico. As of December 31, 2016, the Company owned or had ownership interests in several electrical generating facilities providing it with a generating capability of approximately 2,080 megawatts (MW). The Company's energy sources consists of nuclear fuel, natural gas, coal, purchased power and generated by Company-owned solar photovoltaic panels..

25.     On June 3, 2019, the Company and IIF jointly announced the Proposed Transaction:

> EL PASO, Texas & NEW YORK--(BUSINESS WIRE)--El Paso Electric Company (EPE) (NYSE: EE) and the Infrastructure Investments Fund, an investment vehicle advised by J.P. Morgan Investment Management Inc. (IIF), today announced that they have entered into a definitive agreement under which IIF will purchase EPE for $68.25 in cash per share representing an enterprise value of approximately $4.3 billion.
>
> * * *
>
> **Agreement Details**
>
> IIF will purchase EPE for $68.25 per share in cash representing an enterprise value of approximately $4.3 billion, including EPE's net

debt. The per share purchase price represents a 17% premium to EPE's closing price on May 31, 2019, the last trading day prior to the announcement of the agreement. The agreement has been unanimously approved by EPE's Board of Directors and is expected to close in the first half of 2020, subject to the approval of EPE's shareholders, the receipt of regulatory approvals and other customary closing conditions. Dividends payable to EPE shareholders will continue in the ordinary course through the closing.

**Advisors**

Lazard is serving as financial advisor and Baker Botts L.L.P. is acting as legal advisor to EPE. BofA Merrill Lynch is acting as exclusive financial advisor and Skadden, Arps, Slate, Meagher & Flom LLP is acting as legal advisor to IIF. In addition, IIF has a committed bridge financing facility in place led by BofA Merrill Lynch to support the transaction.

26.     The Board has agreed to the take-private Proposed Transaction which will deprive the Company's shareholders from enjoying any future growth of the Company. It is therefore imperative that El Paso stockholders are provided with the material information that has been omitted from the Proxy Statement, so that they can meaningfully assess whether or not the Proposed Transaction is in their best interests prior to the forthcoming stockholder vote.

**B.     The Materially Incomplete and Misleading Proxy Statement**

27.     On July 16, 2019, El Paso filed the Proxy Statement with the SEC in connection with the Proposed Transaction.  The Proxy Statement was furnished to the Company's stockholders and solicits the stockholders to vote in favor of the Proposed Transaction.  The Individual Defendants were obligated to carefully review the Proxy Statement before it was filed with the SEC and disseminated to the Company's stockholders to ensure that it did not contain any material misrepresentations or omissions.  However, the Proxy Statement misrepresents and/or omits material information that is necessary for the Company's stockholders to make an

informed decision concerning whether to vote in favor of the Proposed Transaction, in violation of Sections 14(a) and 20(a) of the Exchange Act.

*Omissions and/or Material Misrepresentations Concerning Lazard's Financial Analyses*

28.     With respect to Lazard's *Discounted Cash Flow Analysis* ("DCF"), the Proxy Statement fails to disclose: (i) the underlying line items to calculate the estimated future cash flows (also known as projected unlevered free cash flows of a company) that the Company is expected to generate for each of the fiscal years 2019 through 2027; (ii) the estimated value of the Company at the end of 2027, or the terminal value; and (iii) the individual inputs and assumptions underlying the discount rates ranging from 4.75% to 5.25% and Adjusted EBITDA multiples from 11.75x to 12.75x.

29.     With respect to Lazard's *Analysis Price Target Analysis*, the Proxy Statement fails to disclose: (i) the price targets for El Paso and (ii) the sources thereof.

30.     With respect to Lazard's *Dividend Discount Analysis*, the Proxy Statement fails to disclose: (i) the future dividends per share of Company common stock expected to be paid by the Company; (ii) the specific inputs and assumptions underlying the equity discount rate ranging from 5.75% to 6.25% and dividend growth rate ranging from 2.00% to 3.00%.

31.     With respect to Lazard's *Infrastructure Returns Analysis*, the Proxy Statement fails to disclose: (i) how the terminal P/E multiples were applied – whether on a trailing basis, forward basis, or some other basis; (ii) the inputs and assumptions underlying the range of internal rates of return from 7.0% to 10.0%.

32.     In sum, the omission of the above-referenced information renders statements in the Proxy Statement materially incomplete and misleading in contravention of the Exchange Act. Absent disclosure of the foregoing material information prior to the special stockholder meeting

to vote on the Proposed Transaction, Plaintiff will be unable to make a fully-informed decision regarding whether to vote in favor of the Proposed Transaction, and they are thus threatened with irreparable harm, warranting the injunctive relief sought herein.

**CLAIMS FOR RELIEF**

**<u>COUNT I</u>**

**On Behalf of Plaintiff Against All Defendants for Violations of**
**Section 14(a) of the Exchange Act and Rule 14a-9 and 17 C.F.R. § 244.100**

33.    Plaintiff incorporates each and every allegation set forth above as if fully set forth herein.

34.    Rule 14a-9, promulgated by the SEC pursuant to Section 14(a) of the Exchange Act, provides that proxy communications with stockholders shall not contain "any statement which, at the time and in the light of the circumstances under which it is made, is false or misleading with respect to any material fact, or which omits to state any material fact necessary in order to make the statements therein not false or misleading."  17 C.F.R. § 240.14a-9.

35.    Defendants have issued the Proxy Statement with the intention of soliciting stockholder support for the Proposed Transaction.  Each of the Defendants reviewed and authorized the dissemination of the Proxy Statement and the use of their name in the Proxy Statement, which fails to provide critical information regarding, amongst other things: the financial projections that were prepared by the Company and relied upon by the Board in recommending the Company's stockholders vote in favor of the Proposed Transaction.

36.    In so doing, Defendants made untrue statements of fact and/or omitted material facts necessary to make the statements made not misleading.  Each of the Individual Defendants, by virtue of their roles as officers and/or directors, were aware of the omitted information but failed to disclose such information, in violation of Section 14(a).  The Individual Defendants

were therefore negligent, as they had reasonable grounds to believe material facts existed that were misstated or omitted from the Proxy Statement, but nonetheless failed to obtain and disclose such information to stockholders although they could have done so without extraordinary effort.

37.     Defendants were, at the very least, negligent in preparing and reviewing the Proxy Statement.  The preparation of a Proxy Statement by corporate insiders containing materially false or misleading statements or omitting a material fact constitutes negligence.  Defendants were negligent in choosing to omit material information from the Proxy Statement or failing to notice the material omissions in the Proxy Statement upon reviewing it, which they were required to do carefully.  Indeed, Defendants were intricately involved in the process leading up to the signing of the Merger Agreement and the preparation and review of strategic alternatives and the Company's financial projections.

38.     The misrepresentations and omissions in the Proxy Statement are material to Plaintiff, who will be deprived of her right to cast an informed vote if such misrepresentations and omissions are not corrected prior to the vote on the Proposed Transaction.  Plaintiff has no adequate remedy at law.  Only through the exercise of this Court's equitable powers can Plaintiff be fully protected from the immediate and irreparable injury that Defendants' actions threaten to inflict.

## COUNT II

**On Behalf of Plaintiff Against the Individual Defendants for Violations of Section 20(a) of the Exchange Act**

39.     Plaintiff incorporates each and every allegation set forth above as if fully set forth herein.

40.     The Individual Defendants acted as controlling persons of El Paso within the meaning of Section 20(a) of the Exchange Act as alleged herein.  By virtue of their positions as directors of El Paso, and participation in and/or awareness of the Company's operations and/or intimate knowledge of the incomplete and misleading statements contained in the Proxy Statement filed with the SEC, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of El Paso, including the content and dissemination of the various statements that Plaintiff contends are materially incomplete and misleading.

41.     Each of the Individual Defendants was provided with or had unlimited access to copies of the Proxy Statement and other statements alleged by Plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause the statements to be corrected.

42.     In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of El Paso, and, therefore, is presumed to have had the power to control or influence the particular transactions giving rise to the Exchange Act violations alleged herein, and exercised the same.  The omitted information identified above was reviewed by the Board prior to voting on the Proposed Transaction.  The Proxy Statement at issue contains the unanimous recommendation of the Board to approve the Proposed Transaction.  The Individual Defendants were thus directly involved in the making of the Proxy Statement.

43.     In addition, as the Proxy Statement sets forth at length, and as described herein, the Individual Defendants were involved in negotiating, reviewing, and approving the Merger Agreement.  The Proxy Statement purports to describe the various issues and information that

the Individual Defendants reviewed and considered.  The Individual Defendants participated in drafting and/or gave their input on the content of those descriptions.

44.    By virtue of the foregoing, the Individual Defendants have violated Section 20(a) of the Exchange Act.

45.    As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) and Rule 14a-9, by their acts and omissions as alleged herein.  By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the Exchange Act.  As a direct and proximate result of Individual Defendants' conduct, Plaintiff will be irreparably harmed.

46.    Plaintiff has no adequate remedy at law.  Only through the exercise of this Court's equitable powers can Plaintiff be fully protected from the immediate and irreparable injury that Defendants' actions threaten to inflict.

RELIEF REQUESTED

WHEREFORE, Plaintiff demands injunctive relief in her favor and against the Defendants jointly and severally, as follows:

A.    Preliminarily and permanently enjoining Defendants and their counsel, agents, employees and all persons acting under, in concert with, or for them, from proceeding with, consummating, or closing the Proposed Transaction, unless and until Defendants disclose the material information identified above which has been omitted from the Proxy Statement;

A.    Rescinding, to the extent already implemented, the Merger Agreement or any of the terms thereof, or granting Plaintiff rescissory damages;

B.    Directing the Defendants to account to Plaintiff for all damages suffered as a result of their wrongdoing;

C.     Awarding Plaintiff the costs and disbursements of this action, including reasonable attorneys' and expert fees and expenses; and

D.     Granting such other and further equitable relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

DATED:  July 18, 2019                          Respectfully submitted,

                                                  **WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP**

                                      By: */s/ Benjamin Y. Kaufman*
                                           Benjamin Y. Kaufman
                                           Gloria Kui Melwani
                                           270 Madison Avenue
                                           New York, New York 10016
                                           Telephone: 212-545-4600
                                           Facsimile: 212-686-0114
                                           Email: kaufman@whafh.com
                                           Email: melwani@whafh.com

                                           *Attorneys for Plaintiff*